NEWPORT ST. R. CO. *v.* J. W. JOHNSON.

[Abstract Kentucky Law Reporter, Vol. 2—225.]

**Instructions in Damage Case.**

The court is not bound in a civil case to include in its instructions to the jury the whole law of the case, and there can be no reversal because the whole law of the case may not have been given, unless instructions are presented and the court is requested to give them.

**Negligence of Railroad Company.**

The fact that the plaintiff in a damage suit against a railroad company was not a passenger on the car, and the fact that the driver of the car on which plaintiff was riding may have been guilty of negligence, constitutes no defense.   The railroad company is bound, as to all persons, to use ordinary care to avoid injuring them, and it can not excuse its own negligence by showing that the negligence of a third person contributed to the injury.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 10, 1881.

OPINION BY JUDGE COFER:

The testimony of the appellant as to the wages one of his trade could earn was competent as conducing to show the damage resulting from the injuries of which appellee complained. The testimony of the driver as to what might happen in the future on that part of the track where the appellee was injured, though irrelevant and not material, was not calculated to secure a verdict or to increase its amount. The court must assume that juries are men of ordinary intelligence and honesty, and certainly no intelligent and honest man would be induced to base a verdict upon evidence of that character, or to increase the amount of his finding because of it.

No sufficient reason was shown why Dr. Kearns was not offered as a witness before the case was submitted, and the jury sent out to consider of their verdict. If the appellee chose to confide in his promises to be present, instead of taking his deposition, as might have been done, or of taking legal steps to coerce his attendance, if his personal attendance was deemed material, it did so at its peril.

The question whether the appellant was guilty of negligence, which caused the injury, and whether the appellee so far contributed to it that he was not entitled to recover, were properly submitted to the jury. Counsel do not indicate any objection to the instructions, and we are unable to discover any. No claim was made in the pleadings that the injury resulted from inevitable accident; nor was the court asked to submit that question to the jury. The appellant asked no instructions, and as those given correctly presented the law of the case there can be no reversal because the whole law of the case may not have been given. The court is not bound in civil cases to give the whole law of the case unless instructions are presented and the court is requested to give them.

As to whether there was negligence on the part of the company or its car driver, or on the part of appellee, the evidence was conflicting, and a verdict either way could not be disturbed by this court. Nor is the verdict so excessive as to show passion or prejudice in the jury. The evidence conduced to prove that the injury was a severe one. The accident occurred in July, 1878, and at the trial in July, 1879, the appellee testified that he had been unable to walk without crutches since the accident occurred, and that he had suffered greatly from the injury, and could not pursue his former

vocation because he was unable on account of the injury to stand on his feet.   There was evidence conducing to show that the injury was not so serious as stated by the appellee, but it was for the jury and not for this court to weigh this conflicting evidence.

Neither the fact that the appellee was not a passenger on the appellant's car, nor the fact that the driver of the car on which appellee was riding may have been guilty of negligence, constitutes defense.   The appellant was bound as to all persons to use ordinary care to avoid injuring them, and it can not excuse its own negligence by showing that the negligence of a third person contributed to the injury.   Judgment *affirmed.*

[Cited, *Cincinnati &c. R. Co. v. Curd,* 22 Ky. L. 1222; *South Covington &c. R. Co. v. Core,* 29 Ky. L. 836.]

*F. M. Webster, for appellant.*

*T. F. Hallam, for appellee.*